IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2011

## STATE OF TENNESSEE v. BRANDON TREVON WILLIAMS

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 263345     Barry A. Steelman, Judge**

**No. E2011-01654-CCA-R3-CD - Filed March 9, 2012**

The appellant, Brandon Trevon Williams, appeals the revocation of his probation claiming that the trial court abused its discretion by revoking his probation and ordering execution of the original sentence. Finding no error, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and JOHN EVERETT WILLIAMS, J., joined.

Ardena J. Garth, District Public Defender; Richard Kenneth Mabee (on appeal) and Mary Ann Green (at revocation), Assistant District Public Defenders, Chattanooga, Tennessee, for the appellant, Brandon Trevon Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William H. Cox III, District Attorney General; David Schmidt, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Appellant Brandon Trevon Williams pled guilty to aggravated burglary on November 1, 2006. Pursuant to the plea agreement, the court suspended his two-year sentence and placed him on probation. The record indicates that on May 5, 2008, while still on probation, appellant entered a plea of guilty to one count of robbery. In accordance with the plea-agreement, the trial court imposed a sentence of eight years. Eleven months and twenty-nine days of which was to be served in confinement, with the balance to be served on intensive probation.
.

Appellant's probation officer filed a probation violation report on December 18, 2009, alleging that appellant had violated the terms of his probation by changing residences without notice; failing to report; failing to pay supervision fees; and failing to provide a DNA sample. Prior to the June 2011 probation hearing, the officer filed an addendum alleging additional grounds for revocation, including committing new criminal offenses; failing to report the new arrests; possessing a firearm or illegal weapon; and engaging in assaultive behavior.

At the probation revocation hearing, Rebecca Robinson, a probation officer with the Tennessee Board of Probation and Parole, testified that appellant's intensive probation began in May, 2008. She began personally supervising him in August, 2009, meeting with appellant twice in August. Appellant failed to report from August 19, 2009, through December, 2009, at which time Ms. Robinson filed a probation violation report alleging absconding. In attempts to locate appellant, Ms. Robinson visited appellant's father, with whom appellant claimed to live. Appellant's father informed Ms. Robinson that appellant did not live there.

Subsequently, Ms. Robinson filed an addendum to the report based on criminal charges in Colorado in which appellant was charged with two counts of assault and one count of felony menacing. Appellant pled guilty to one count of assault and the menacing charge. The district attorney dismissed the remaining assault charge. As supporting evidence, certified copies of the judgments from Colorado were made exhibits to Ms. Robinson's testimony. According to Ms. Robinson, appellant tested positive for marijuana use in July, 2009 and had previously absconded while on probation. In addition, there was no indication in the probation officer's record that appellant had supplied a DNA sample as ordered.

Shatonya Williams, appellant's mother, testified on his behalf at the hearing. She stated that appellant had a girlfriend in Colorado who supported him. She also stated that if the court released appellant and placed him on probation, she and her daughter would ensure that appellant attended his probation appointments. Ms. Williams' testimony indicated that appellant could live with his father if the court released him.

Appellant testified on his own behalf at the hearing. He stated that he moved to Colorado to better himself and to get away from people. He found a job assisting in the renovation of a hotel in Aspen, Colorado. He lived with a preacher and his family while he was there. Although the remodeling job was no longer available, appellant stated that he had a job with Advanced Oil Field Services if he returned to Colorado. Appellant admitted that he assaulted a man in Colorado and was charged with that offense, to which he pled guilty. During or shortly after he was being booked in jail, appellant found a sharp piece of plastic and put it in his pocket, which led to the additional charge of menacing. Appellant stated that if the court reinstated his probation and transferred the supervision, he could return to

Colorado, start working again, pay his fines, get his license back, ask his girlfriend to marry him, and live his life the Christian way. He stated that before he moved to Colorado, he asked his first probation officer, Mr. Ervin, if he could transfer his probation to Colorado, and Mr. Ervin told him it was not possible. At the conclusion of the hearing on the probation violation, the trial court revoked appellant's probation and ordered that he serve the remainder of his sentence in confinement.

In this appeal, appellant contends that the trial court abused its discretion in revoking his probation and ordering execution of the sentence. As grounds, appellant asserts that he has ample family support and, based on prior employment, would again be able to obtain gainful employment. We conclude that the trial court had abundant evidence before it upon which to revoke appellant's probation, and therefore did not abuse its discretion. We affirm the trial court's order of probation revocation and incarceration.

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). "In determining whether to revoke probation, the trial judge need not find a violation of the terms of the probation has occurred beyond a reasonable doubt. The evidence need only show the trial judge has exercised conscientious judgment in making the decision rather than acting arbitrarily." *Leach*, 914 S.W.2d at 106 (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)) perm. to appeal denied, *id.* (Tenn. 1981). The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision. *Id.* "In reviewing the findings of the trial judge, the judgment of the trial court is given the weight of a jury verdict." *Id.* (citing *Mitchell*, 810 S.W.2d at 735). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

In this case, the record supports the trial court's order of probation revocation. The probation officer testified, and appellant admitted, that he changed his residence without informing his probation officer. Ms. Robinson offered testimony regarding appellant's failure to provide a DNA sample, which appellant did not dispute. In addition to the appellant's admission, the record contains documentary evidence that was admitted to establish the two new criminal offenses in Colorado to which the appellant pled guilty.

3

We note that the appellant was on probation at the time that he committed the robbery in this case. He entered a guilty plea in November, 2006. In August, 2007, less than one year into his first term of probation, appellant committed another criminal offense. Upon committing the latter robbery, the trial court revoked appellant's probation for burglary. Pursuant to a plea agreement, the appellant received a split eight-year sentence, with eleven months and twenty-nine days to serve in confinement and the remainder on intensive probation. Appellant has been offered two separate occasions upon which to succeed under less restrictive punishment. He has failed each time. We hold that the trial court did not abuse its discretion by revoking the appellant's probation and ordering that he serve his sentence in confinement.

Accordingly, the judgment of the trial court is affirmed.

_____
ROGER A. PAGE, JUDGE